IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| STEPHEN L. DARDEN, #058146 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv091 |
| MAXEY CERLIANO, ET. AL. | § | |

<u>REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE</u>

Plaintiff Stephen Darden, a former inmate confined within the Gregg County Jail proceeding *pro se*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

The present Report and Recommendation concerns Defendants Cerliano and Gregg County Sheriff Department's motion for summary judgment, (Dkt. #26). For reasons explained below, the Court recommends that the motion be granted, and that Plaintiff's lawsuit be dismissed with prejudice until the *Heck* conditions are met.

**I. Darden's Complaint**

The operative pleadings in this lawsuit are Darden's complaint, (Dkt. #1), and his response to this Court's order concerning the statute of limitations, (Dkt. #6, pg. 3). Darden maintains that in March 2000, the Gregg County Sheriff's Office prosecuted him "on a dismissed case, and sentenced [him] 8 years in jury trial, in which [he] did 6 years," and that he was unlawfully kept in prison. He seeks a "change" in his conviction, release from jail, and compensatory as well as punitive damages.

In response to this Court's order directing him to explain why his claims are not barred by the applicable statute of limitations, Darden states that he filed this lawsuit in 2023 because he "was told" that his charge "was enhanced for a pistol" by his lawyer last year. He explains that the enhancements were dropped and that he has an "aggravated assault that is not two years old," which is his "civil suit." Darden further states that he "was not cognizable of the pistol situation until just now," and that his constant incarceration and incompetency rendered him "not cognizable of the situation," (Dkt. #6, pg. 3).

## II. Defendants' Motion for Summary Judgment

Defendants argue, (Dkt. #26), that Darden's lawsuit should be dismissed because (1) the Sheriff's Department lacks jural existence and cannot be a party to the lawsuit; (2) Darden's claims are barred by the statute of limitations and the *Heck* doctrine; and (3) the Sheriff is entitled to qualified immunity.

## III. Summary Judgment Evidence

Defendants submitted six exhibits in support of their motion for summary judgment:

**Exhibit A:** Information, Complaint, and Dismissal—Unlawful Carrying a Weapon case (June 2, 2000),

**Exhibit B:** Indictment—Unlawful Carrying a Weapon case (November 30, 2000),

**Exhibit C:** Judgment (Enhancement)—Delivery of a Controlled Substance (June 1998)

**Exhibit D:** Jury Charge,

**Exhibit E:** Judgment, and

**Exhibit F:** Judgment and Opinion, Court of Appeals.

Darden has not filed a response to Defendants' motion for summary judgment. Therefore, the evidence is uncontested.

**IV. Legal Standards**

A court shall grant summary judgment only where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Rule 56(c), Fed. R. Civ. P. In determining whether there is a genuine dispute of a material fact, the court must examine the evidence and inferences drawn therefrom in the light most favorable to the nonmoving party. *See S.E.C. v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1994). Summary judgment is appropriate "where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little v. Liquid Air. Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (internal citations omitted). "Material facts are those that might affect the outcome of the suit under the governing law." *Crostley v. Lamar Cnty., Tex.*, 717 F.3d 410, 422 (5th Cir. 2019) (internal citation and quotations omitted).

The United States Court of Appeals for the Fifth Circuit has held that summary judgment disposition is inappropriate if the evidence before the court, viewed as a whole, could lead to different factual findings and conclusions. *See Honore v. Douglas*, 833 F.2d 565, 567 (5th Cir. 1987). It is not the function of the trial judge—in ruling on a motion for summary judgment—to weigh the evidence, assess credibility, or determine the most reasonable inference to be drawn from the evidence. *Id*. at 567 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)).

If the movant satisfies its initial burden of demonstrating the absence of a material fact dispute, then the non-movant must identify specific evidence in the summary judgment record demonstrating that there is a material fact dispute concerning the essential elements of its case for which it will bear the burden of proof at trial. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996). The non-movant cannot survive a motion for summary judgment by resting on the allegations in his pleadings. *Isquith v. Middle South Util., Inc.,* 847 F.2d 186, 199 (5th Cir.),

3

*cert. denied*, 488 U.S. 926 (1988). Rather, he must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324.

The defense of qualified immunity protects government officials performing discretionary functions from "liability for civil damages insofar as their conduct does not violate clearly established rights which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Lytle v. Bexar County, Tex.*, 560 F.3d 404, 409 (5th Cir. 2009). "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments about open legal questions." *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011). "When properly applied, it protects all but the plainly incompetent or those who knowingly violate the law." *Id.* (internal quotation marks omitted). "When a defendant invokes qualified immunity, the burden is on the plaintiff to demonstrate the inapplicability of the defense." *McClendon v. City of Columbia*, 305 F.3d 314, 323 (5th Cir. 2002).

To demonstrate the inapplicability of the qualified immunity defense, the plaintiff must satisfy a two-prong test. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The first prong is whether "the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of [constitutional or] federal law." *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009) (citation omitted). The second is "whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004) (citations omitted). A court may consider the two-pronged inquiry in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

**V. Discussion and Analysis**

A review of the summary judgment evidence, viewed in the light most favorable to Darden, demonstrates that the evidence before the Court could not lead to different factual findings and conclusions. Summary judgment favoring Defendants is appropriate in this case.

<u>A. Statute of Limitations</u>

Darden's claims are barred by the statute of limitations, and his response to this Court's order does not save his claims. There is no federal statute of limitations for 42 U.S.C. § 1983 actions; the relevant statute of the forum state furnishes the limitations period—but federal law determines the date the accrual commences. *See Owens v. Okure*, 488 U.S. 235 (1989). The statute of limitations in Texas for section 1983 actions is two years, as claims under section 1983 are governed by Texas's two-year, personal-injury limitations statute. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is … two years."); *see also Wade v. City of Dallas*, 2018 WL 3966358 *1-2 (N.D. Tex.—Dallas July 16, 2018) (citing and quoting *Helton*, 832 F.3d at 334). The date of receipt of the complaint, rather than the formal filing date, governs the time for filing for limitations purposes. *See Martin v. Demma*, 831 F.2d 69, 71 (5th Cir. 1987).

The Fifth Circuit has stated that "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal citation and quotations omitted); *Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331-32 (5th Cir. 2014) (per curiam) ("The standard in § 1983 actions provides 'that the time for accrual is when

the plaintiff knows or has reason to know of the injury which is the basis of the action.'") (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).

Here, Darden is complaining was incarcerated for six years for a 2000 charge involving a pistol enhancement. The summary judgment evidence—which is undisputed—demonstrates that a grand jury indicted Darden on November 30, 2000, for Unlawful Possession of a Firearm by a Felon in case number 28095-B, with an underlying previous felony of Delivery of a Controlled Substance, (Dkt. #26, pg. 15-16) (Exhibits B, C). After a jury trial, on July 12, 2001, he was found guilty and sentenced to eight years' imprisonment. *Id*. at pg. 37. (Exhibit E). Because the facts forming the basis of this charge accrued before November 2000, when Darden was indicted for the charge he complains, Darden should have filed this lawsuit no later than November 2002. *See Piotrowski v, City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (explaining that the limitation period begins to run "the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured."). But a plaintiff need not know that he has a potential legal action—rather, he need only know the facts that would untimely support a claim. *Id*.; *see also Martinez v. Hildago Cnty., Tex.*, 727 F. App'x 77, 78 (5th Cir. 2018) (explaining that "Martinez knew by July 22, 2011, that the defendants' denial of his requests to access the law library had prevented him from timely asserting his direct appeal rights."). Therefore, Darden's 2023 lawsuit is barred by the statute of limitations.

Darden has the burden to demonstrate that he is entitled to equitable tolling. *See Rotella v. Pederson*, 144 F.3d 892, 894-95 (5th Cir. 1998). He has not done so. While Darden states that his lawyer informed him of his enhancement "last year," he fails to elaborate; moreover, the facts forming the basis for his charge was known—or should have been known through the exercise of

6

due diligence—to Darden before 2000. Any argument for equitable tolling is therefore without merit and should be denied.

### B. *Heck v. Humphrey*

Defendants next maintain that Darden's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In that case, the Court provided the following explanation:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution.

*Heck*, 512 U.S. at 486. The Court further held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Id*. at 487.

Here, Darden is complaining about his 2001 conviction. He maintains that he was wrongly prosecuted, and that the Sheriff "allowed" him to be sent to prison. Darden specifically complains about his sentence of eight years' imprisonment. His claims and challenges, if proven, would call the validity of his conviction and sentence of eight years into question—as he seeks a "change in [his] conviction" and release from incarcerations, (Dkt. #1, pg. 4). Such claims are "connected to the legality of his present confinement." *See Hudson v. Hughes*, 98 F.3d 868, 871 (5th Cir. 1996). Plaintiff must first show that his conviction or sentence was overturned or reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. §2254. *Id*. at 487. Darden has failed to do so.

7

Claims barred by *Heck* should read as follows: "Plaintiff's claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met." *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). The Fifth Circuit labels this the "preferred" language. *Id*.

C. Qualified Immunity

Defendant Cerliano argues that he is entitled to qualified immunity because he did not take office as Sheriff until after Darden was sentenced. Darden has the burden to demonstrate that the defense of qualified immunity does not apply. *See Bryant v. Gillem*, 965 F.3d 387, 391 (5th Cir. 2020); *Cunningham v. Castloo*, 983 F.3d 185, 190-91 (5th Cir. 2022). Conclusory allegations are insufficient to overcome the defense. *Williams-Boldware v. Denton Cnty., Tex.*, 741 F.3d 635, 643-44 (5th Cir. 2014); *see also Edmiston v. Borrego*, 75 F.4th 551, 561 (5th Cir. 2023) (rejecting Plaintiffs' conclusory statement);

To demonstrate the inapplicability of the qualified immunity defense, the plaintiff must satisfy a two-prong test. *Saucier v. Katz*, 533 U.S. 194, 200 (2001). The first prong is whether "the challenged conduct, viewed in the light most favorable to the plaintiff, would actually amount to a violation of [constitutional or] federal law." *Wernecke v. Garcia*, 591 F.3d 386, 392 (5th Cir. 2009) (citation omitted). The second is "whether the defendant's actions violated clearly established statutory or constitutional rights of which a reasonable person would have known." *Flores v. City of Palacios*, 381 F.3d 391, 395 (5th Cir. 2004) (citations omitted). A court may consider the two-pronged inquiry in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

Here, Defendant Cerliano is entitled to qualified immunity. Darden has not identified a constitutional violation. Moreover, given that Defendant Cerliano did not assume office as Sheriff until after the incident(s) forming the basis of Darden's charge occurred, Darden failed to demonstrate his personal involvement in a constitutional violation. *See Thompson v. Steele*, 709

8

F.2d 381, 381 (5th Cir. 1983) (holding that "personal involvement is an essential element of a civil rights cause of action."). Defendant Cerliano is therefore entitled to qualified immunity.

## RECOMMENDATION

Accordingly, it is recommended that Defendants' motion for summary judgment, (Dkt. #26), be granted and that this case be dismissed with prejudice until the *Heck* conditions are met.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 17th day of January, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE